■ VICTOR S. SORRENTO et al., Appellants-Respondents, v ROBERT A. DUFF, Doing Business as DUFF's ENVIRONMENTAL MAINTENANCE, et al., Respondents, and TOWN OF PORTLAND, Respondent-Appellant. [690 NYS2d 368] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of the cross motion of defendant Town of Portland (Town) for summary judgment dismissing that part of the complaint based on the use of medium cure oil to seal the road where the subject accident occurred. The court took judicial notice of the fact that use of medium cure oil has long been considered proper in sealing roads. Even assuming, arguendo, that such judicial notice was proper, we conclude that the court failed to address the additional allegations that an excessive amount of the oil had been applied when the road was last repaved, and that the Town knew of the slippery condition of the road caused by the medium cure oil but negligently failed to remedy that condition. Although the Town met its initial burden by establishing its entitlement to judgment as a matter of law, plaintiffs raised a triable issue of fact whether the medium cure oil contributed to the accident (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

The court properly denied the remainder of the Town's cross motion, which sought summary judgment dismissing the complaint based on the lack of prior written notice of the defective condition of the road. We disagree with the court that this result is mandated by the fact that the Town had actual notice. Where, as here, a prior written notice statute is in effect, a municipality's actual notice does not relieve a plaintiff from the requirement of filing written notice with the municipality (*see, Berlowitz v Town of Brighton*, 259 AD2d 983; *Wisnowski v City of Syracuse*, 213 AD2d 1069, 1070). The motion was properly denied, however, because plaintiffs raised a triable issue of fact whether the Town's affirmative acts created or caused the hazardous condition (*see, Kiernan v Thompson*, 73 NY2d 840, 841-842; *cf., Cuffey v City of New York*, 255 AD2d 203; *Berlowitz v Town of Brighton, supra*). Thus, we modify the order by deny-

ing the Town's cross motion in its entirety. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.