■ HELEN SOMMER, Respondent, v TOWN OF HEMPSTEAD, Appellant, et al., Defendants. [705 NYS2d 646] —In an action to recover damages for personal injuries, the defendant Town of Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated February 8, 1999, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff alleges that she fell and was injured on May 16, 1995, when her left foot got stuck in a defective curb as she attempted to step from the sidewalk to cross Molyneaux Road at its intersection with Caldwell Road in Valley Stream. The plaintiff commenced this action against, among others, the Town of Hempstead, alleging that it had actual or constructive notice of the allegedly defective condition because of its inspection of a sidewalk next to the curb approximately six months before her accident. The Town cross-moved for summary judgment dismissing the complaint insofar as asserted against it, asserting that the plaintiff failed to establish, as a condition precedent to suit, that the Town had received prior written notice of the defective condition of the curb pursuant to Town of Hempstead Code § 6-1 and § 6-3. The Supreme Court denied the Town's cross motion. We reverse.

A plaintiff's failure to plead and prove that the requisite prior written notice of a dangerous condition was given to a municipality requires dismissal of the complaint insofar as asserted against the municipality (*see, Woodson v City of New York*, 93 NY2d 936; *Cipriano v City of New York*, 96 AD2d 817). It is undisputed that the required written notice of the defect that allegedly caused the plaintiff's accident was not given to the Town (*see,* Town of Hempstead Code §§ 6-1, 6-3). The plaintiff's claim of constructive or actual notice based upon the Town's inspection of a nearby sidewalk approximately six months prior to her accident is insufficient to overcome the failure to give written notice (*see, Amabile v City of Buffalo*, 93 NY2d 471; *MacMullen v City of Middletown*, 187 NY 37; *Tonorezos v County of Nassau*, 266 AD2d 387; *Conlon v Village of Pleasantville*, 146 AD2d 736; *Holt v County of Tioga*, 95 AD2d 934). Therefore, the Town is entitled to summary judgment.

Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.