■ NICHOLAS PASSARO, an Infant, by His Parent and Natural Guardian, PHIL PASSARO, et al., Respondents, v CITY OF NEWBURGH, Appellant, WARREN CRAIG, Respondent, et al., Defendants. [707 NYS2d 224] —In an action to recover damages for personal injuries, etc., the defendant City of Newburgh appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Owen, J.), dated March 12, 1998, as, upon the denial of its motion for judgment as a matter of law made at the close of evidence, and upon a jury verdict finding it 40% at fault in the happening of the accident, the defendant Warren Craig 50% at fault, and the injured plaintiff 10% at fault, and awarding the plaintiffs damages in the sum of $37,701.52, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs, the motion for judgment as a matter of law is granted, the complaint is dismissed insofar as asserted against the appellant, and a new trial is granted only on the issue of the apportionment of fault as between the defendant Warren Craig and the injured plaintiff.

The infant plaintiff sustained injuries after he fell while riding his bike over an area in the sidewalk where a slab of concrete was missing. Six years before the accident, the defendant City of Newburgh (hereinafter the City) had informed the defendant Warren Craig that he was required to replace his lead water line with a copper line, and that he was required to use a contractor licensed by the City to perform the work. Craig chose the defendants Art Valenza and Valenza McGowan Excavating Co., Inc. (hereinafter collectively Valenza) to do the work. Craig controlled the work, but the City inspected and approved it. Craig testified at trial that Valenza removed the slab, however, Art Valenza and the former City plumbing inspector testified that the slab was not disturbed during the installation of the water line. The jury found that Craig was 50% at fault in the happening of the accident, the City was 40% at fault, and the infant plaintiff was 10% at fault. Valenza was found to be 0% at fault.

The evidence did not establish that the City created the

defect through affirmative negligence, or that the City made a special use of the sidewalk. These are the only recognized exceptions to the requirement that a plaintiff injured by a sidewalk defect plead and prove that the municipality received prior written notice of the defect in order to maintain an action against it (*see, Amabile v City of Buffalo,* 93 NY2d 471, 474). Any notice to the City provided by the inspection of the plumbing inspector, whether actual or constructive, was insufficient as a matter of law to overcome the requirement of prior written notice (*see, Amabile v City of Buffalo, supra,* at 476; *Sorrento v Duff,* 261 AD2d 919). As it is undisputed that the City never received prior written notice, the court should have granted its motion, made at the close of evidence, for judgment as a matter of law (*see, Morzello v Village of Briarcliff Manor,* 260 AD2d 611).

We note that on this appeal none of the parties challenge the amount of damages awarded.

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.