■ STEVE HARVEY et al., Appellants, v JOHN MONTEFORTE et al., Respondents, et al., Defendants. [738 NYS2d 394] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Carter, J.), dated November 15, 2000, which granted the separate motions of the defendants John Monteforte and Rosemarie Monteforte and the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against them, and denied their motion to stay a determination of the motions for summary judgment and to compel further discovery.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action against, among others, John and Rosemarie Monteforte (hereinafter the Montefortes) and the County of Nassau (hereinafter the County), for injuries sustained by the plaintiff Steve Harvey when he tripped and fell over a sidewalk allegedly raised by overgrown tree roots. The Montefortes, who are the abutting landowners, and the County separately moved for summary judgment dismissing the complaint insofar as asserted against them. The County argued that it had not received prior written notice of the alleged sidewalk defect (*see,* Nassau County Administrative Code § 12-4.0 [e]). In response, the plaintiffs moved to stay determination of the motions and to compel the deposition of the County's horticulturist, who was responsible for tree maintenance and maintained records to that effect. The Supreme

Court denied the plaintiffs' motion and granted summary judgment to the Montefortes and the County. This appeal ensued.

The plaintiffs' only argument on appeal is that the Supreme Court erred in deciding the issue of summary judgment without compelling the County to produce its horticulturist for an examination before trial. We disagree.

The plaintiffs do not allege that the County had prior written notice of the sidewalk defect. Rather, they contend that deposing the County's horticulturist will show that the County had actual notice of the sidewalk defect, thus obviating their need to comply with the County's prior written notice provision. However, actual notice is not an exception to the prior written notice requirement (*see, Poirier v City of Schenectady,* 85 NY2d 310, 314; *Passaro v City of Newburgh,* 272 AD2d 385, 386; *Sorrento v Duff,* 261 AD2d 919; *Berlowitz v Town of Brighton,* 259 AD2d 983; *Deans v City of Buffalo,* 181 AD2d 1015). Moreover, the horticulturist's deposition will not help the plaintiffs establish the applicability of either of the only two recognized exceptions to the County's prior written notice requirement, namely, a defect created by the County or a special use conferring a special benefit on the County (*see, Amabile v City of Buffalo,* 93 NY2d 471, 474). Thus, the plaintiffs have failed to establish that the horticulturist's deposition is material and necessary to the prosecution of their case (*see, Amanatides v City of New York,* 234 AD2d 490), and the Supreme Court properly denied the plaintiffs' motion to stay determination of the motions for summary judgment until further discovery was completed. Altman, J.P., Adams, Townes and Crane, JJ., concur.