■ ANDREW CENNAME et al., Appellants, v TOWN OF SMITH-TOWN, Respondent. [755 NYS2d 651] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Kitson, J.), dated November 7, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated February 19, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The infant plaintiff and his guardian commenced this action against the Town of Smithtown to recover damages for injuries he sustained when he fell off his bicycle as a result of an allegedly uneven sidewalk. The Town moved for summary judgment, asserting that it did not receive prior written notice of the defect. The Supreme Court granted the motion. We affirm.

The Town demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it never received prior written notice of the sidewalk defect as required by Smithtown Town Code §§ 245-13 and 245-14. Contrary to the

plaintiffs' contention, a verbal complaint written down as a telephone message by the Town Parks Department does not satisfy the prior written notice requirement (*see Anderson v Town of Smithtown,* 292 AD2d 406 [2002]; *Roth v Town of N. Hempstead,* 273 AD2d 215, 216 [2000]; *Sparrock v City of New York,* 242 AD2d 289 [1997]). The fact that the Town may have inspected the sidewalk prior to the plaintiff's accident does not obviate the need for prior written notice (*see Amabile v City of Buffalo,* 93 NY2d 471, 476 [1999]; *Passaro v City of Newburgh,* 272 AD2d 385 [2000]; *Sommer v Town of Hempstead,* 271 AD2d 434 [2000]). Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contention is without merit. Santucci, J.P., Krausman, Schmidt and Adams, JJ., concur.