JUDITH DEMANT et al., Appellants, v TOWN OF OYSTER BAY et al., Respondents, et al., Defendants. [804 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jonas, J.), entered May 13, 2004, which granted the respective motions of the defendant Town of Oyster Bay and the defendant Long Island Rail Road for summary judgment dismissing the complaint insofar as against them.

Ordered that the order is affirmed, with one bill of costs to the respondents.

The plaintiff Judith Demant contends that she was injured when she tripped on a pothole in the parking lot of a diner in Syosset. The defendant Long Island Rail Road (hereinafter the LIRR) established its prima facie entitlement to summary judgment through the submission of evidence establishing that it did not own or maintain the subject parking lot (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Chand v Steuben Hill Mgt. Corp.,* 20 AD3d 443 [2005]). The plaintiffs submitted no evidence in opposition to this prima facie showing and the evi-

dence submitted by the defendant Town of Oyster Bay was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In fact, the deed submitted with the Town's motion papers supported the LIRR's entitlement to summary judgment by indicating that the subject premises was conveyed from the LIRR to the Town approximately 49 years before the plaintiff's accident (*see Rinzler v Jafco Assoc.*, 21 AD3d 360 [2005]; *Termine v Continental Baking Co.*, 299 AD2d 406 [2002]). Accordingly, the Supreme Court properly granted the LIRR's motion for summary judgment.

The Supreme Court also properly granted the Town's motion for summary judgment. Town Law § 65-a (1) requires prior written notice as a condition precedent to the maintenance of an action against a town for injuries arising from a defect in a parking lot (*see Bang v Town of Smithtown*, 291 AD2d 516 [2002]). The only exceptions to such requirement which have been recognized by the Court of Appeals are when the municipality affirmatively created the defect, or when a special use confers a special benefit on the municipality (*see Amabile v City of Buffalo*, 93 NY2d 471, 473 [1999]).

The Town established its entitlement to summary judgment by demonstrating that it did not have prior written notice of the alleged pothole (*see Strauss v Town of Oyster Bay*, 201 AD2d 553 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Contrary to the plaintiffs' contention, the conclusory and speculative affidavit of their expert failed to raise a triable issue of fact as to whether the Town affirmatively created the pothole (*see Amabile v City of Buffalo, supra*; *Mollin v County of Nassau*, 2 AD3d 600 [2003]; *Leggio v Gearhart*, 294 AD2d 543 [2002]; *Arias v City of New York*, 284 AD2d 354 [2001]). Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.