GLENDA GRANDERSON, Respondent, v CITY OF WHITE PLAINS, Appellant. [815 NYS2d 246]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered March 15, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly tripped over a "misleveled" slab of concrete on a public sidewalk in front of 444 Mamaroneck Avenue in White Plains. After filing a notice of claim against the City of White Plains, she brought this action, seeking to recover damages for injuries sustained as a result of the accident.

The City demonstrated its prima facie entitlement to judgment as a matter of law by presenting the affidavit of its municipal code enforcement officer, in which the officer stated that he had searched the City's prior written notice logbook and had found no record of receipt by the City of prior written notice of the defective sidewalk condition alleged by the plaintiff (*see Patti v Town of N. Hempstead*, 23 AD3d 362 [2005]; *Betzold v Town of Babylon*, 18 AD3d 787 [2005]; *Corey v Town of Huntington*, 9 AD3d 345 [2004]; *Walker v Incorporated Vil. of Northport*, 304 AD2d 823 [2003]; *Cenname v Town of Smithtown*, 303 AD2d 351 [2003]). The plaintiff's contention that the City's prior written notice logbook did not reflect all written notices received and, thus, did not serve sufficiently to establish the City's lack of prior written notice, is raised for the first time on appeal and, thus, is not properly before the Court (*see Engel v Jacobs*, 297 AD2d 657 [2002]; *Mann v All Waste Sys.*, 293 AD2d 656 [2002]; *Green v Dunne*, 232 AD2d 610 [1996]; *Kohilakis v Town of Smithtown*, 167 AD2d 513 [1990]). Therefore, we decline to consider it.

The plaintiff's further contention that the City had actual no-

tice of the alleged defective condition and that denial of the motion therefore was warranted is without merit. Where, as here, a municipality has enacted a prior written notice statute, actual notice does not obviate the need to comply with the prior written notice requirement (*see Quinn v City of New York*, 305 AD2d 570 [2003]; *Cenname v Town of Smithtown*, 303 AD2d 351 [2003]; *Berner v Town of Huntington*, 304 AD2d 513 [2003]; *Harvey v Monteforte*, 292 AD2d 420 [2002]; *Passaro v City of Newburgh*, 272 AD2d 385 [2000]; *Sommer v Town of Hempstead*, 271 AD2d 434 [2000]; *Sorrento v Duff*, 261 AD2d 919 [1999]). Accordingly, the Supreme Court erred in denying the motion on the ground that a triable issue of fact existed as to whether the City had actual notice of the alleged defect. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.