■ ANNE WILKIE et al., Respondents, v TOWN OF HUNTINGTON et al., Appellants. [816 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 20, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Anne Wilkie tripped and fell in a pothole on a roadway in the Town of Huntington. Where, as here, a municipality has enacted a prior written notice statute, it cannot be liable for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]; *Ganzenmuller v Incorporated Vil. of Port Jefferson,* 18 AD3d 703, 704 [2005]). Actual or constructive notice of a defect does not satisfy this requirement (*see Amabile v City of Buffalo, supra* at 475-476; *Silva v City of New York,* 17 AD3d 566, 567 [2005]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they had no prior written notice of the roadway defect that allegedly caused the injured plaintiff's fall (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Lopez v G&J Rudolph, Inc., supra; Gold v County of Westchester,* 15 AD3d 439, 440 [2005]). Although an exception to the prior written notice requirement exists when a municipality creates the subject defect through an affirmative of negligence (*see Amabile v. City of Buffalo, supra* at 474; *Lopez v G&J Rudolph, Inc., supra* at 512), the plaintiffs' evidentiary submissions were insufficient to raise a triable issue of fact as to whether the roadway defect was created by the defendants' affirmative negligence (*see Gold v County of Westchester, supra* at 440; *Corey v Town of Huntington,* 9 AD3d 345, 346 [2004]). Moreover, the defendants' "time and material reports" did not constitute prior written notice of the defective condition, as Town of Huntington Code § 174-3 does not provide for the "written acknowledgment" of a defect by the defendants' internally generated documents (*see Dalton v City of Saratoga Springs,* 12 AD3d 899, 901 n 2 [2004]; *cf. Bruni v City of New York,* 2 NY3d 319, 324-325 [2004]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the

complaint (*see Regan v City of New York,* 8 AD3d 462, 463 [2004]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.