SECOND DEPARTMENT, MARCH, 2007

(March 6, 2007)

■ CELAL AKCELIK, Respondent, v TOWN OF ISLIP, Appellant, and COUNTY OF SUFFOLK, Respondent. [831 NYS2d 491]—

In an action to recover damages for personal injuries, the defendant Town of Islip appeals, as limited by its brief, from so

much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 27, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted as against the defendant Town of Islip is granted.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for personal injuries caused by an improperly maintained street unless either it has received prior written notice of the defect, or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]; *Wilkie v Town of Huntington*, 29 AD3d 898 [2006]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511 [2005]).

In this case, the Town of Islip made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating, through the affidavits of the Executive Assistants to the Town's Clerk and Commissioner of Public Works, that it had no prior written notice of the condition complained of (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Wilkie v Town of Huntington, supra; Lopez v G&J Rudolph Inc., supra*). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was such prior written notice, or whether any exception to that requirement applies here. Contrary to the plaintiff's contention, the verbal telephonic complaint which was reduced to a complaint ticket did not satisfy the prior written notice requirement (*see Dalton v City of Saratoga Springs*, 12 AD3d 899, 901 [2004]; *Cenname v Town of Smithtown*, 303 AD2d 351 [2003]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.