GILBERT MONTALVO et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant. [848 NYS2d 330]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Queens County (Blackburne, J.), entered May 17, 2006, as, upon a jury verdict on the issue of damages awarding them the principal sums of $315,000 for past loss of income and $125,000 for past pain and suffering, and upon a stipulation of the parties reducing the past loss of income award by a collateral source disability payment of $310,000, is in their favor and against the defendant in the principal sum of only $130,000, and the defendant cross-appeals from the same judgment which, upon so much of an order of the same court dated October 12, 2005, as denied its cross motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, the cross motion is granted, the complaint is dismissed, and the order dated October 12, 2005 is modified accordingly; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the cross appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On June 24, 1991 the plaintiff Gilbert Montalvo, a New York

City Police Officer, was working in the line of duty when his police scooter hit a depression in the roadway at the intersection of Astoria Boulevard and 111th Street in Queens, New York, causing him to fall from the scooter and sustain personal injuries. The plaintiffs commenced this action against the defendant City of New York, pursuant to General Municipal Law § 205-e, claiming that the defendant violated its duty under New York City Charter § 2903 to maintain the roadway in a safe manner. After a bifurcated trial on the issues of liability and damages, judgment was entered in favor of the plaintiffs and against the defendant. The defendant claims that the trial court improperly denied its cross motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the ground that there was no prior written notice of the roadway defect pursuant to Administrative Code of the City of New York § 7-201, commonly referred to as the "Pothole Law." The trial court determined that the Pothole Law prior written notice requirement does not apply to actions brought pursuant to General Municipal Law § 205-e. We disagree.

"A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (*Quinto v New York City Tr. Auth.*, 7 AD3d 689, 689-690 [2004]; *see Williams v City of New York*, 2 NY3d 352, 363 [2004]; *Galapo v City of New York*, 95 NY2d 568, 574 [2000]). "The overriding purpose behind adoption of General Municipal Law § 205-e was to ameliorate the effect of the common-law rule that *disadvantaged* police officers who, unlike members of the general public, were barred from recovery for injuries resulting from risks inherent in their job. The statute, was not, however, intended to give police officers *greater* rights and remedies than those available to the general public" (*Galapo v City of New York*, 95 NY2d at 575 [emphasis in original]). Relieving police officers of the prior written notice requirement found in Administrative Code § 7-201, which otherwise applies to lawsuits brought by the general public alleging a New York City Charter § 2903 violation, would have the effect of giving them greater rights and remedies than those available to the general public. Consequently, the prior written notice requirement contained in Administrative Code § 7-201, applies to lawsuits brought by police officers under General Municipal Law § 205-e.

Further, in the absence of any proof, no jury could rationally

have concluded that the defendant had the requisite prior written notice of the roadway defect or that any exception to the notice requirement applied (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Nicastro v Park,* 113 AD2d 129, 132 [1985]; *see also Oboler v City of New York,* 8 NY3d 888 [2007]). Accordingly, the trial court should have granted the defendant's cross motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law.

In view of our determination, we need not address the parties' remaining contentions. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.