Mary McCarthy, Respondent, v City of White Plains, Appellant. [863 NYS2d 500]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated February 4, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

While walking on the sidewalk in front of 187 Martine Avenue in the City of White Plains on May 10, 2005, the plaintiff allegedly tripped and fell as a result of missing brickwork surrounding a tree. After the plaintiff commenced this action and discovery was conducted, the City moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff had not complied with the prior written notice requirements of White Plains Municipal Code § 277 (hereinafter the Code provision). The Supreme Court denied the motion. We reverse.

The City established its entitlement to judgment as a matter of law by proffering the deposition testimony of a municipal code enforcement officer, in which he stated that he had searched the City's prior written notice logbook and had found no records indicating that the City had received prior written notice of the alleged defective sidewalk condition (*see Akcelik v Town of Islip,* 38 AD3d 483, 484 [2007]; *Hyland v City of New York,* 32 AD3d 822, 823 [2006]; *Granderson v City of White Plains,* 29 AD3d 739 [2006]). In response, the plaintiff failed to raise a triable issue of fact as to whether there was such prior written notice (*see Marshall v City of New York,* 52 AD3d 586 [2008]; *Akcelik v Town of Islip,* 38 AD3d at 484). Contrary to the plaintiff's contention, an October 18, 2004, internal document entitled "Notice of Defect" generated by the City's Department of Public Works (hereinafter the 2004 notice) and referred for repair to the City's Highway Department did not constitute prior written notice so as to satisfy the statutory requirement of the Code provision (*see Marshall v City of New York,* 52 AD3d at 587; *Lopez v Gonzalez,* 44 AD3d 1012, 1012-1013 [2007]; *Khemraj v City of New York,* 37 AD3d 419, 420 [2007]; *Wilkie v Town of Huntington,* 29 AD3d 898 [2006]; *Roth v Town of N. Hempstead,* 273 AD2d 215 [2000]; *Kempler v City of New York,* 272 AD2d 584, 585 [2000]; *Sparrock v City of New York,* 242 AD2d 289 [1997]). Moreover, even though the Department of Public Works generated the 2004 notice in response to a telephonic complaint, a telephonic complaint reduced to writing

does not satisfy the requirement of prior written notice (*see* White Plains Municipal Code § 277; *Akcelik v Town of Islip,* 38 AD3d at 484; *Dalton v City of Saratoga Springs,* 12 AD3d 899, 901 [2004]; *Cenname v Town of Smithtown,* 303 AD2d 351, 351-352 [2003]).

The plaintiff also failed to argue or demonstrate the applicability of either of the two recognized exceptions to the prior written notice requirement, namely, that the City created the alleged defect through an affirmative act of negligence or that a "special use" conferred a special benefit upon the City (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). Moreover, to the extent that the plaintiff contends that the City had actual notice of the alleged sidewalk defect due to the existence of the 2004 notice, neither actual notice (*see Granderson v City of White Plains,* 29 AD3d at 740; *Cenname v Town of Smithtown,* 303 AD2d 351, 352 [2003]) nor constructive notice (*see Amabile v City of Buffalo,* 93 NY2d 471, 475-476 [1999]) obviate the need to comply with the prior written notice statute. In any event, the 2004 notice contained a notation at the bottom of the document that the missing brickwork at 187 Martine Avenue had been repaired on December 7, 2004. While the plaintiff argued, and the Supreme Court found, that a triable issue of fact had been raised as to whether or not the brickwork had, in fact, been repaired in December 2004, she proffered no more than speculation in this regard and failed to proffer any evidence that, if the repair had been performed in December 2004, it immediately resulted in a dangerous condition (*see Yarborough v City of New York,* 28 AD3d 650, 651 [2006], *affd* 10 NY3d 726 [2008]).

To the extent the plaintiff argues that there had been a recurrence of the alleged sidewalk defect after the December 2004 repair and prior to her May 10, 2005 fall, such recurrence does not abrogate the need for prior written notice (*see Capobianco v Mari,* 272 AD2d 497 [2000]). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Ritter, Florio and Carni, JJ., concur. [*See* 18 Misc 3d 1128(A), 2008 NY Slip Op 50228(U).]