■ ROLF SACHS, Respondent-Appellant, v COUNTY OF NASSAU, Respondent, and PETRINA DELUCA, Appellant-Respondent. (And a Third-Party Action.) [876 NYS2d 454]—

In an action to recover damages for personal injuries and wrongful death, the defendant Petrina DeLuca appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered December 19, 2007, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Petrina DeLuca and one bill of costs to the defendant County of Nassau payable by the plaintiff.

The decedent allegedly sustained injuries when his wheelchair hit a raised portion of a sidewalk. The sidewalk abutted a road owned by the County of Nassau and was adjacent to property owned by the defendant Petrina DeLuca. The plaintiffs commenced this action against the County and DeLuca, alleging that both defendants were negligent in repairing or failing to repair the defective sidewalk. The County moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not receive the statutorily-required written notice of the defective condition. DeLuca also moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the County's motion and denied DeLuca's motion. We affirm.

Generally, liability for injuries sustained as a result of danger-

ous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Bruno v City of New York,* 36 AD3d 640 [2007]). However, an abutting landowner will be liable where the landowner negligently constructed or repaired the sidewalk, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk and provides that a breach of that duty will result in liability (*see Hausser v Giunta,* 88 NY2d 449, 453 [1996]; *Sverdlin v Gruber,* 289 AD2d 475, 476 [2001]). Here, Town of Oyster Bay Code § 205-2 imposes tort liability on each owner and occupant of any house or other building in the Town for failing to make or negligently making a repair or performing maintenance on abutting sidewalks. Since the Town Code specifically obligates the owner to maintain the sidewalk and imposes liability for a breach of that duty, DeLuca failed to establish her entitlement to judgment as a matter of law. Thus, the Supreme Court properly denied DeLuca's motion for summary judgment dismissing the complaint insofar as asserted against her.

Nassau County Administrative Code § 12-4.0 (e) requires prior written notice of a defective sidewalk in order to maintain an action against the County. The County established its entitlement to judgment as a matter of law by proffering deposition testimony by a County employee and an affidavit by another employee that they did not find any record of prior written notice (*cf. McCarthy v City of White Plains,* 54 AD3d 828 [2008]). Contrary to the plaintiff's contention, the County is not estopped from asserting the defense of no prior written notice (*see Gorman v Town of Huntington,* 47 AD3d 30 [2007]). Nor did the plaintiffs raise a triable issue of fact that the County created the defect in the sidewalk (*see Trinidad v City of Mount Vernon,* 51 AD3d 661 [2008]). Accordingly, the Supreme Court properly granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur. [*See* 2007 NY Slip Op 34149(U).]