■ ROBERT KISZENIK, Respondent, v TOWN OF HUNTINGTON, Appellant. [895 NYS2d 208]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 13, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Contrary to the plaintiff's contentions and the determination of the Supreme Court, the defendant's motion for summary judgment dismissing the complaint should have been granted. The defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting affidavits of its employees demonstrating that it did not receive the requisite prior written notice of the roadway defect upon which the plaintiff allegedly fell (*see* Huntington Town Code § 174-3; *Jason v Town of N. Hempstead*, 61 AD3d 936 [2009]; *Smith v Village of Rockville Ctr.*, 57 AD3d 649, 650 [2008]; *Demant v Town of Oyster Bay*, 23 AD3d 333, 334 [2005]). This shifted the burden of proof to the plaintiff to raise a triable issue of fact as to either prior written notice or the applicability of one of the two recognized exceptions to the prior written notice requirement,

namely the municipality's affirmative creation of the defect or its special use of the property (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]; *Jason v Town of N. Hempstead*, 61 AD3d at 936-937; *Gold v County of Westchester*, 15 AD3d 439, 440 [2005]). The plaintiff failed to meet this burden.

With regard to the issue of notice, the plaintiff's reliance on a telephonic complaint about the alleged condition which the defendant reduced to writing is misplaced, since such a complaint is not the equivalent of prior written notice of the condition (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]). Similarly, the "time and material reports" maintained by the defendant as part of its internal records do not satisfy the prior written notice requirement (*see Wilkie v Town of Huntington*, 29 AD3d 898, 898 [2006]). Likewise, the prior written notice requirement was not satisfied by a purported letter which the plaintiff vaguely testified at his deposition that he might have sent to the defendant's disability office, rather than to the Town Clerk or the Town Superintendent of Highways, as is required by the applicable code provision (*see Gorman v Town of Huntington*, 12 NY3d at 279). The plaintiff's various additional claims of actual or constructive notice of the defect on the part of the defendant are also unavailing (*see Amabile v City of Buffalo*, 93 NY2d 471, 476 [1999]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]; *McCarthy v City of White Plains*, 54 AD3d at 830; *Wilkie v Town of Huntington*, 29 AD3d 898 [2006]; *Berner v Town of Huntington*, 304 AD2d 513 [2003]).

The plaintiff similarly failed to raise a triable issue of fact in support of his claim that an exception to the prior written notice requirement applied based on the defendant's affirmative creation of a dangerous condition, since the plaintiff made no showing that any of the defendant's internal work records pertained to the defective condition upon which he allegedly fell, and the plaintiff's own testimony at his General Municipal Law § 50-h examination and deposition negated any suggestion that the defendant repaired the subject area of the roadway. Additionally, the plaintiff failed to come forward with any evidence that any repair by the defendant was negligently performed (*see Demant v Town of Oyster Bay*, 23 AD3d at 334; *Gianchetta v E.B. Mar.*, 258 AD2d 618 [1999]), and that the defective condition was an immediate consequence thereof (*see Yarborough v City of New York*, 10 NY3d at 728; *Jason v Town of N. Hempstead*, 61 AD3d at 937; *McCarthy v City of White Plains*, 54 AD3d at 830). Rather, the plaintiff's own testimony established

that the defect arose gradually and worsened over time (*see e.g. Gold v County of Westchester*, 15 AD3d at 440; *Vise v County of Suffolk*, 207 AD2d 341, 342 [1994]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.