Barbara Brinkerhoff, as Administrator of the Estate of David Brinkerhoff, Deceased, Appellant, v County of St. Lawrence et al., Respondents. [897 NYS2d 269]—

Kavanagh, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 30, 2009 in St. Lawrence County, which granted defendants' motion to dismiss the complaint.

On April 24, 2007, Travis Trim, after being stopped for a minor traffic infraction in the Village of Margaretville, Delaware County, pulled out a handgun, shot State Trooper Matt Gombosi and fled.[1] A State Police Mobile Response Team was dispatched to the area and, the next day, located Trim hiding in a vacant house. As the Response Team approached the premises, Trim opened fire and, during the ensuing confrontation, State Trooper David Brinkerhoff, a member of the Response Team, was shot and subsequently died as the result of his injuries.

Trim had been on probation for a petit larceny conviction and was under the supervision of defendant St. Lawrence County Department of Probation during the 20-month period immediately prior to the shooting. While on probation and prior to the shooting, Trim was arrested and charged with purchasing alcohol for three underage friends, but was not cited by the Probation Department for violating the terms of his probation. Two months later, in December 2006, the Probation Department obtained a warrant for Trim's arrest for a probation violation after he was found to have alcohol and marihuana in his dormitory room at the State University of New York at Canton, but failed to forward the warrant for execution to a law enforcement agency or enter it into the Division of Probation and Correctional Alternatives Registrant System computer database as required by state probation division regulations.

Plaintiff, Brinkerhoff's wife and administrator of his estate, commenced this action claiming that, had defendants properly supervised Trim's probation and processed the warrant for his arrest, Trim would not have been at large and the shooting that resulted in Brinkerhoff's death would not have occurred.[2] Defendants moved to dismiss the complaint and Supreme Court granted the motion, prompting this appeal.

In this appeal, plaintiff only challenges Supreme Court's dismissal of her cause of action seeking damages for her husband's wrongful death pursuant to General Municipal Law § 205-e. That statute was enacted to provide police officers with a statutory cause of action by which they could recover damages for any injury or wrongful death that "occurs directly or indirectly as a result of any neglect . . . of any person . . . in failing to comply with the requirements of any of the statutes, ordinances,

---

**1.** Gombosi was wearing a Kevlar vest and, as a result, was not seriously injured.

**2.** We note that had the warrant been executed and Trim been taken into custody, a court—upon finding that he had violated probation—could have, in its discretion, continued him on probation or sentenced him to a period of incarceration (*see* CPL 410.70 [5]).

rules, orders and requirements of the federal, state, county, village, town or city governments or of . . . their departments, divisions and bureaus'' (General Municipal Law § 205-e [1]). However, while this provision was enacted in response to the common-law rule that barred police officers from recovering for injuries sustained in the line of duty (*see Santangelo v State of New York*, 71 NY2d 393, 396-397 [1988]), it was not intended to provide police officers with any greater rights than the public at large (*see Galapo v City of New York*, 95 NY2d 568, 575 [2000]; *Montalvo v City of New York*, 46 AD3d 772, 773 [2007], *lv denied* 10 NY3d 707 [2008]), and liability under this statute can only be imposed ''where injury is the result of negligent noncompliance with well-developed bodies of law and regulation which impose clear duties'' (*Desmond v City of New York*, 88 NY2d 455, 464 [1996] [internal quotation marks, emphasis and citation omitted]; *see Williams v City of New York*, 2 NY3d 352, 364 [2004]; *Galapo v City of New York*, 95 NY2d at 574; *Gonzalez v Iocovello*, 93 NY2d 539, 550 [1999]).

Initially, we note that even if, as plaintiff alleges, defendants failed to comply with the Probation Department's own regulations in the processing of Trim's arrest warrant or in the manner in which it supervised his probation, it may not, as a governmental agency, be held ''liable for the negligent performance of a governmental function unless there existed 'a special duty to the injured person, in contrast to a general duty owed to the public' '' at large (*McLean v City of New York*, 12 NY3d 194, 199 [2009], quoting *Garrett v Holiday Inns*, 58 NY2d 253, 261 [1983]; *see Lauer v City of New York*, 95 NY2d 95, 99 [2000]). For such relationship to have existed at the time of the shooting, plaintiff must show ''(1) an assumption by [defendants], through promises or actions, of an affirmative duty to act on behalf of [Brinkerhoff]. . . ; (2) knowledge on the part of [defendants'] agents that inaction could lead to harm; (3) some form of direct contact between [defendants] and [Brinkerhoff]; and (4) [Brinkerhoff's] justifiable reliance on [defendants'] affirmative undertaking'' (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Pelaez v Seide*, 2 NY3d 186, 199 [2004]; *Lauer v City of New York*, 95 NY2d at 100-101).

Here, plaintiff has not only failed to allege that such a relationship existed, but has not presented any evidence that would, upon a search of the record, support a finding that Brinkerhoff and defendants had any type of relationship upon which liability pursuant to General Municipal Law § 205-e could be based. In that regard, it is undisputed that there had been no contact between defendants and Brinkerhoff regarding Trim prior to this

incident, or that Brinkerhoff in any way relied upon defendants to his detriment prior to coming in contact with Trim. Brinkerhoff, as a member of the Response Team, was assigned to participate in the search for Trim, not because a warrant on the probation violation existed for Trim's arrest or that he was a probation violator, but because Trim had shot and attempted to seriously injure another police officer. Absent some evidence of a special duty owed by defendants to Brinkerhoff, in addition to the general duty owed by defendants to the public at large, liability premised on General Municipal Law § 205-e, on these facts, cannot be said to exist. Therefore, Supreme Court's decision granting defendants' motion to dismiss must be, in all respects, affirmed.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs. [**Prior Case History: 24 Misc 3d 426.**]