■ GEORGE POLITIS, Appellant, v TOWN OF ISLIP, Respondent.
[920 NYS2d 185]—

On March 8, 2005, the plaintiff, a Suffolk County Police Officer, tripped and fell into a pothole while on duty, and as he was walking back to his patrol car in the westbound lane for travel in front of premises known as 71 Cinnamon Street in Central Islip. The plaintiff's partner prepared a field report noting that he observed a pothole measuring three feet long by 10 inches wide in the westbound lane for travel in front of 71 Cinnamon Street, and another measuring three feet long by two feet wide in the eastbound lane.

The plaintiff commenced this action against the defendant Town of Islip to recover damages under a theory of common-law negligence and pursuant to General Municipal Law § 205-e, alleging that the Town was negligent and violated its duty under Code of the Town of Islip § 41-5 (B) (1) (a) to maintain Cinnamon Street in a safe manner. In its answer, the Town asserted, as an affirmative defense, among other things, that the action was barred pursuant to Town Law § 65-a and Code of the Town of Islip § 47A-3, since the Town had no prior written notice of the allegedly defective condition. In the order appealed from, the Supreme Court granted the Town's motion for summary judgment dismissing the complaint. We affirm.

The Town established its prima facie entitlement to judgment as a matter of law by establishing its enactment of Code of the Town of Islip § 47A-3, a prior written notice law, and submitting an affidavit of a Project Supervisor of its Department of Public Works, who stated that his search of the Town's records revealed no prior written notice of a defective condition in the roadway where the accident occurred (*see* Town Law § 65-a [1]; Code of Town of Islip § 47A-3 [A]; *Spanos v Town of Clarkstown*, 81 AD3d 711 [2011]; *Regan v Town of N. Hempstead*, 66 AD3d 863, 864 [2009]; *McCarthy v City of White Plains*, 54 AD3d 828, 829 [2008]; *Augustine v Town of Islip*, 28 AD3d 503, 503 [2006]).

In response, the plaintiff failed to raise a triable issue of fact as to whether there was such prior written notice (*see McCarthy v City of White Plains*, 54 AD3d at 829). Contrary to the

plaintiff's contention, the Town's computer database recording of telephonic complaints concerning Cinnamon Street did not constitute prior written notice so as to satisfy the requirements of the Town Law or the Code of the Town of Islip (*see Gorman v Town of Huntington*, 12 NY3d 275, 279 [2009]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1008 [2010]; *McCarthy v City of White Plains*, 54 AD3d at 829-830).

Similarly, the plaintiff failed to raise a triable issue of fact as to whether either one of the two exceptions to the prior written notice requirement—an affirmative act of negligence by the Town in creating or exacerbating a dangerous condition or a special use by the Town—applied to this action (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Jason v Town of N. Hempstead*, 61 AD3d 936, 936-937 [2009]; *Cimino v City of White Plains*, 65 AD3d 1069 [2009]; *McCarthy v City of White Plains*, 54 AD3d at 830). The Supreme Court properly determined that the plaintiff's opposition to the motion was speculative and insufficient to raise a triable issue of fact as to either of these exceptions to the prior written notice requirement (*see Mallory v City of New Rochelle*, 41 AD3d 556 [2007]; *Hyland v City of New York*, 32 AD3d 822, 823 [2006]).

Moreover, contrary to the plaintiff's contention, he was required to comply with the prior written notice requirement to sustain his second cause of action alleging a violation of General Municipal Law § 205-e (*see Montalvo v City of New York*, 46 AD3d 772, 773 [2007]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.