In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered November 19, 2010, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
*942 On May 11, 2008, Roberta Chirco was walking on the boardwalk in the City of Long Beach when her foot allegedly became caught in a gap between the wooden slats and she fell, sustaining injuries. Chirco thereafter commenced this action against the City to recover damages for personal injuries. The City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect as required by section 256A (1) of the Charter of the City of Long Beach (hereinafter section 256A [1]). The Supreme Court granted the motion, and Chirco appealed. After perfecting the appeal, Chirco died, and she has been substituted on this appeal by the executors of her estate (hereinafter the appellants).
Pursuant to section 256A (1), no civil action may be maintained against the City to recover damages for personal injuries caused by a dangerous condition on the subject boardwalk unless prior written notice of the condition has been filed in the office of the Commissioner of Public Works of the City. Prior written notice statutes are strictly construed (see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]), and only two exceptions are recognized, “namely, where the locality created the defect or hazard through an affirmative act of negligence and where a special use confers a special benefit upon the locality” (Amabile v City of Buffalo, 93 NY2d 471, 474, [1999] [citation and internal quotation marks omitted]; see Abano v Suffolk County Community Coll., 66 AD3d 719 [2009]).
Here, the complaint did not allege one of the recognized exceptions. Thus, the City established its prima facie entitlement to judgment as a matter of law by proffering the affidavit of its Commissioner of Public Works, in which he asserted that he had searched the City’s prior written notice record book and had found no records indicating that the City had received prior written notice of the alleged defective condition at the location of the boardwalk identified by Chirco (see Magee v Town of Brookhaven, 95 AD3d 1179, 1180 [2012]; Politis v Town of Islip, 82 AD3d 1191 [2011]; McCarthy v City of White Plains, 54 AD3d 828, 829 [2008]; cf. Carlucci v Village of Scarsdale, 104 AD3d 797 [2013]).
In opposition, Chirco failed to raise a triable issue of fact as to whether the City received prior written notice of the alleged dangerous condition, or whether either of the two exceptions to the prior written notice rule applied (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Amabile v City of Buffalo, 93 NY2d at 474; Oliveri v Village of Greenport, 93 AD3d 773, *943 774 [2012]). Contrary to the appellants’ contention, the evidence regarding six previous notices of claim failed to raise a triable issue as to whether the City had prior written notice of the alleged dangerous condition which caused Chirco to fall, because those notices of claim involved conditions on different portions of the boardwalk some distance from the alleged dangerous condition which caused Chirco to fall (see Arcabascio v City of New York, 91 AD3d 684, 684-685 [2012]; Farrago v Great Atl. & Pac. Tea Co., Inc., 17 AD3d 631, 633 [2005]). The records of the City’s Police Department and Beach Maintenance Department did not raise a triable issue, since section 256A (1) requires the filing of written notice with the City’s Commissioner of Public Works (see Gorman v Town of Huntington, 12 NY3d at 279; Kiszenik v Town of Huntington, 70 AD3d 1007, 1008 [2010]). Moreover, the appellants’ contention that the City had actual or constructive notice of a recurring condition is without merit. Where, as here, a municipality has enacted a prior written notice statute, “[constructive notice of a condition is insufficient to satisfy the requirement of prior written notice” (Magee v Town of Brookhaven, 95 AD3d at 1180; see Amabile v City of Buffalo, 93 NY2d at 475-476), nor does “actual notice . . . obviate the need to comply with the prior written notice requirement” (Granderson v City of White Plains, 29 AD3d 739, 740 [2006]).
Accordingly, the Supreme Court properly determined that the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint, and that Chirco failed to raise a triable issue sufficient to defeat the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Angiolillo, J.R, Chambers, Hall and Roman, JJ., concur. [Prior Case History: 2010 NY Slip Op 33405(U).]