■ RONALD DEVITA, Respondent, v TOWN OF BROOKHAVEN, Appellant, et al., Defendants. [9 NYS3d 115]—

In a consolidated action to recover damages for personal injuries, the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), entered July 3, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly was injured when, upon stepping on the curb in front of his residence, the curb crumbled under his foot. The curb was adjacent to a roadway maintained by the defendant Town of Brookhaven. About one year prior to the accident, the defendant Intercounty Paving Associates, LLC (hereinafter Intercounty), under contract with the Town, milled, i.e., removed the asphalt from, the road, in preparation for a repaving of the road. The defendant Rosemar Contracting, Inc. (hereinafter Rosemar), also under contract with the Town, repaved the road in June 2008, prior to the plaintiff's accident in October 2008.

The plaintiff subsequently commenced this action against the Town, among others, to recover damages for personal injuries. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, asserting that it did not have prior written notice of the defective condition. The Supreme Court denied the motion.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Masotto v Village of Lindenhurst*, 100 AD3d 718 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]). A defendant's actual or constructive notice of the allegedly defective condition does not satisfy the prior written notice requirement (*see Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]; *Poirier v City of Schenectady*, 85 NY2d at 314; *Simon v Incorporated Vil. of Lynbrook*, 116 AD3d 692, 693 [2014]; *Magee v Town of Brookhaven*, 95 AD3d 1179 [2012]; *Ferreira v County of Orange*, 34 AD3d 724, 725 [2006]; *Lysohir v County of Suffolk*, 10 AD3d 638, 639 [2004]). Further,

although an exception to the prior written notice requirement exists where the municipality created the defect through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]), that exception "[is] limited to work by the [municipality] that *immediately* results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d at 889; *see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Wilson v Incorporated Vil. of Hempstead*, 120 AD3d 665, 666 [2014]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by proffering transcripts of the deposition testimony of a town employee that she did not find any record of prior written notice of the defect. The Town also proffered transcripts of the deposition testimony of the town inspector and representatives of Rosemar and Intercounty, which showed that neither the Town nor those contractors affirmatively created the subject defect. Contrary to the plaintiff's contention, the Town is not estopped from asserting the defense of lack of prior written notice (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]; *Sachs v County of Nassau*, 60 AD3d 1032, 1033 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town affirmatively created the defective condition within the meaning of that exception. Even if, as the plaintiff argues, the defective condition was caused by the lengthy period of time that elapsed between performance of the milling and repaving work, the testimony on which the plaintiff relies indicates that any damage to the curb attributable to this delay would have developed over time, as a result of environmental forces. Accordingly, the plaintiff failed to raise a triable issue of fact as to whether any "affirmative negligence of the [Town] *immediately* result[ed] in the existence of a dangerous condition" (*Yarborough v City of New York*, 10 NY3d at 728 [emphasis added]; *see Oboler v City of New York*, 8 NY3d at 889).

The Supreme Court, therefore, erred in denying the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.