■   ADAM J. CHARLES, Appellant, v CITY OF LONG BEACH, Respondent. [24 NYS3d 404]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated February 18, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that as he was riding his bicycle in the City of Long Beach, his front tire suddenly became lodged in a gap between a storm drain grate cover and its frame in the street, causing him to fall and sustain injuries. The plaintiff subsequently commenced this action against the City, alleging that the City was negligent. The City moved for summary judgment dismissing the complaint on the grounds that it did not affirmatively create the condition and had no prior written notice of any condition concerning the grate. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability. The Supreme Court granted the City's motion and denied the plaintiff's cross motion. The plaintiff appeals.

The City established its prima facie entitlement to judgment as a matter of law in support of its motion for summary judgment dismissing the complaint by demonstrating that it had no prior written notice of any condition concerning the grate as required by section 256A (1) of the Charter of the City of Long Beach, and that it did not affirmatively create the condition alleged (*see DeVita v Town of Brookhaven*, 128 AD3d 759, 760 [2015]; *Perez v City of New York*, 116 AD3d 1019, 1021 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City had prior written notice of the alleged condition or created the condition through an affirmative act of negligence. The plaintiff's contention that the City had actual or constructive notice of the condition is without merit. Where, as here, a municipality has enacted a prior written notice statute, "[c]onstructive notice of a condition is insufficient to satisfy the requirement of prior written notice" (*Magee v Town of Brookhaven*, 95 AD3d 1179, 1180 [2012]; *see Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]; *Chirco v City of Long Beach*, 106 AD3d 941, 943 [2013]). In addition, actual notice does not obviate the need to comply with the prior written notice requirement (*see Chirco v City of Long Beach*, 106 AD3d at 943; *Granderson v City of White Plains*, 29 AD3d 739, 740 [2006]). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.