■ Rose Fay, Appellant, v Town of Hempstead, Respondent. [645 NYS2d 506]

General Municipal Law § 50-e (4) permits localities to require prior notice of defective, unsafe, dangerous, or obstructed conditions at any street, highway, bridge, culvert, sidewalk, or crosswalk as a condition to the commencement of an action to recover damages therefor (*see, Walker v Town of Hempstead,* 84 NY2d 360; *see also,* Town Law § 67). The statute does not merely omit a grant of authority to localities to require notice of defect at locations beyond the six specified (*cf., Kamhi v Town of Yorktown,* 74 NY2d 423, 430), but rather in unmistakable terms provides that "[n]o other or further notice * * * shall be required" beyond those permitted by its terms (General Municipal Law § 50-e [4]). The statute must be construed, therefore, as a flat prohibition not only of the Town's enactment of any notice of claim provision other than that provided for in the statute, but also a prohibition of any notice of defect enactment pertaining to locations beyond the six specified (*see, Walker v Town of Hempstead, supra*).

Accordingly, the Town of Hempstead Code § 6-1 cannot be construed as requiring prior written notice in the case of a

defect in a boardwalk and it is no defense to the action that the defendant was not afforded prior written notice of the alleged defect. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.