■ LARRY B. WOODSON, Respondent, v CITY OF NEW YORK, Appellant [678 NYS2d 319] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered April 24, 1996, which, upon a jury verdict, awarded plaintiff the total amount of $381,071.08, unanimously affirmed, without costs.

Plaintiff was injured when he fell on a defective stairway located in a municipal park. Contrary to defendant's arguments, prior written notice of the defective stairway pursuant to Administrative Code of the City of New York § 7-201 (the Pothole Law) was not required as a condition of defendant's liability. The stairway was not a "street, highway, bridge, culvert, sidewalk or crosswalk" within the meaning of General Municipal Law § 50-e (4), the statute authorizing the notice requirement upon which defendant relies, and, accordingly, was not a location of the sort permitted to trigger the applicability of such notice requirement. As has been noted respecting the scope of the notice requirement authorized by

General Municipal Law·§ 50-e (4), "[t]he statute does not merely omit a grant of authority to localities to require notice of defect at locations beyond the six specified [citation omitted], but rather in unmistakable terms provides that '[n]o other or further notice * * * shall be required' beyond those permitted by its terms" (*Walker v Town of Hempstead*, 84 NY2d 360, 368; *see also*, *Fay v Town of Hempstead*, 228 AD2d 641). Reinforcing the conclusion that the applicability of the subject notice requirement should be not be extended to the present facts involving a park stairway and not one of the six specifically enumerated locations set forth in the authorizing statute is the circumstance that General Municipal Law § 50-e (4) was enacted in derogation of common law. That being the case, "we should not be at pains to write anything into it" (*Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365). Since it is clear that the subject notice requirement was not authorized and hence was not applicable, it follows that the trial court did not err in denying defendant's motion to charge the jury that satisfaction of the notice requirement was a condition of liability or in denying defendant's motion to dismiss upon the ground that prior notice of the stairway defect had not been given.

Upon an independent review of the record, we do not find that the verdict was against the weight of the evidence. Issues concerning witness credibility and conflicting evidence were for the jury to resolve, and we see no reason to disturb its determination. We have reviewed defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.