(July 15, 2002)

JENNIS ADAMS, Respondent, v CITY OF POUGHKEEPSIE, Appellant. [745 NYS2d 203] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 31, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured after she fell in a large depression

next to a storm drainage grate and catch basin she alleged was located between 99 Cannon Street and 105 Cannon Street in the City of Poughkeepsie. She commenced this action against the City, claiming, inter alia, that the City was negligent in maintaining the catch basin area.

In response to the plaintiff's claim, an employee of the City Department of Public Works stated at an examination before trial that she conducted a search which produced no record of any complaints or notices of defects with respect to Cannon Street, written notice of which is required in order for the City to be held liable for damages for personal injuries (*see* Poughkeepsie City Charter § 15.03). Where a municipality establishes that it has not received the requisite written notice, it is incumbent upon the plaintiff to submit competent evidence that the municipality affirmatively created the defect (*see Gianna v Town of Islip,* 230 AD2d 824, 825; *Rosenthal v Village of Quogue,* 205 AD2d 745; *Kaempf v Town of Hempstead,* 170 AD2d 652). The plaintiff failed to offer any evidence that the City received prior written notice of the defect, or affirmatively created the defect.

Accordingly, the City's motion for summary judgment should have been granted. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.