■ HENRY SILBURN, Respondent, v CITY OF POUGHKEEPSIE,
Appellant. [813 NYS2d 193]—

In an action to recover damages for personal injuries, the de-
fendant appeals from an order of the Supreme Court, Dutchess
County (Pagones, J.), dated December 23, 2004, which denied
its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the
motion is granted, and the complaint is dismissed.

Pursuant to Poughkeepsie City Charter § 15.03, a plaintiff must plead and prove that the City of Poughkeepsie had prior written notice of a defect in a street before the City can be held liable for its alleged negligence in failing to maintain its streets in a reasonably safe condition (*see Adams v City of Poughkeepsie,* 296 AD2d 468 [2002]; *see also Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Cabrera v City of New York,* 21 AD3d 1047 [2005]; *Estrada v City of New York,* 273 AD2d 194 [2000]). However, such prior written notice is not required if the City affirmatively created the alleged defect (*see Ovisinak v Town of Southold,* 277 AD2d 295, 295-296 [2000]; *see also Amabile v City of Buffalo, supra; Gormley v County of Nassau,* 150 AD2d 342 [1989]). "Where a municipality establishes that it has not received the requisite written notice, it is incumbent upon the plaintiff to submit competent evidence that the municipality affirmatively created the defect" (*Adams v City of Poughkeepsie, supra* at 469).

The City established its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony and the affidavit of the business manager of the City's Department of Public Works, which demonstrated that the City did not receive prior written notice of the alleged defect. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant affirmatively created the alleged defect (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In view of the foregoing, we do not reach the parties' remaining contentions. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.