■ ANN MARIE GUILIANO, Respondent, v TOWN OF BROOKHAVEN, Appellant. [826 NYS2d 100]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 26, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff, Ann Marie Guiliano, commenced this action for personal injuries after she allegedly tripped on a defective board on a boardwalk owned and maintained by the defendant Town of Brookhaven. After discovery was completed, the Town moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the defective condition. Guiliano opposed the motion, arguing, inter alia, that prior written notice was not required because a boardwalk was not one of the six enumerated infrastructure elements for which prior written notice was required under General Municipal Law § 50-e (4). She also argued that, even if a boardwalk could be considered as included within one of those six elements, namely sidewalks, the Code of the Town of Brookhaven did not require prior written notice of defects in sidewalks. The Supreme Court denied the motion for summary judgment. We reverse.

In support of its motion for summary judgment, the Town was required to establish its prima facie entitlement to judg-

ment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). General Municipal Law § 50-e (4) provides that prior written notice of defective conditions in six enumerated categories of infrastructure—streets, highways, bridges, culverts, sidewalks, and crosswalks—is a prerequisite to a lawsuit against public corporations for damages caused by such defective conditions. The Town met its burden by establishing prima facie that it had not received prior written notice of the defect to the boardwalk that caused the injury (*see Zuckerman v City of New York, supra*).

The burden then shifted to Guiliano to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Guiliano's arguments did not defeat the Town's entitlement to judgment as a matter of law. First, although Guiliano correctly points out that Brookhaven Town Code § 84-1 (A) does not refer to sidewalks, Brookhaven Town Code § 84-4 refers to Town Law § 65-a (2), which does refer to sidewalks. Additionally, this Court has long held that a boardwalk constitutes a sidewalk within the meaning of General Municipal Law § 50-e (4) (*see Ferris v County of Suffolk,* 174 AD2d 70, 72 [1992]; *Kotler v City of Long Beach,* 44 AD2d 679 [1974], *affd* 36 NY2d 774 [1975]; *Goldstein v City of Long Beach,* 28 AD2d 558 [1967]; *cf. Schneid v City of White Plains,* 150 AD2d 549, 550 [1989]; *Englehardt v Town of Hempstead,* 141 AD2d 601 [1988]). Thus, prior written notice of the defect in the boardwalk was required. Given Guiliano's failure to establish that the Town had prior written notice of the defect, she failed to defeat the Town's entitlement to judgment as a matter of law, and the Town's motion for summary judgment should have been granted (*see Zuckerman v City of New York, supra; Gaines v Shell-Mar Foods, Inc.,* 21 AD3d 986, 987 [2005]). To the extent that *Fay v Town of Hempstead* (228 AD2d 641 [1996]) conflicts with the precedents cited herein, it should no longer be followed. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.