■ PATRICIA KOEHLER, Respondent, v INCORPORATED VILLAGE OF LINDENHURST, Appellant. [839 NYS2d 539]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated June 30, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped and fell over a raised portion of sidewalk in front of her home in the defendant Incorporated Village of Lindenhurst. She subsequently commenced this action to recover damages for personal injuries allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to prove that it had prior written notice of the defect, as required under Village Law § 6-628. The defendant established its prima facie entitlement to judgment as a matter of law by submitting an affidavit of its Deputy Administrator Douglas Madlon, which demonstrated that the defendant did not receive prior written notice of the alleged defect (*see Silburn v City of Poughkeepsie*, 28 AD3d 468, 469 [2006]). In any event, the plaintiff conceded this matter. "Where a municipality establishes that it has not received the requisite written notice, it is incumbent upon the plaintiff to submit competent evidence that the municipality affirmatively created the defect" (*Adams v City of Poughkeepsie*, 296 AD2d 468, 469 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether

the defendant affirmatively created the alleged defect (*see Silburn v City of Poughkeepsie, supra*). Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.