■ Theodora Sollowen et al., Respondents, v Town of Brookhaven, Appellant, et al., Defendants. [841 NYS2d 351]—

In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 18, 2006, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff Theodora Sollowen (hereinafter the injured plaintiff) allegedly sustained injuries when she tripped and fell on a sidewalk curb cut located in the defendant Town of Brookhaven. The Town moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it had no prior written notice of the alleged sidewalk defect. The Supreme Court denied the Town's motion, finding, inter alia, that the sidewalk did not fall within the prior written notice requirements of the Brookhaven Town Code.

Contrary to the Supreme Court's conclusion that prior written notice of a sidewalk defect is not required by the Town's prior written notice statute (*see* Brookhaven Town Code § 84-1) because it does not refer to sidewalks, this Court held in *Guiliano v Town of Brookhaven* (34 AD3d 734 [2006]) that the statute does require such notice. Therefore, the Town may not be held liable for an allegedly defective condition in a sidewalk unless it received prior written notice of the condition (*id.*; *see* Brookhaven Town Code §§ 84-1, 84-4; Town Law § 65-a [2]; General Municipal Law § 50-e [4]). Since there was no prior written notice of any defect in the sidewalk where the plaintiff fell, the plaintiff's claim must be dismissed (*see Katsoudas v City of New York*, 29 AD3d 740 [2006]; *Ganzenmuller v Incorporated Vil. of Port Jefferson*, 18 AD3d 703 [2005]), unless the plaintiff is able to demonstrate that the Town created the alleged defective condition (*see Lopez v G&J Rudolph Inc.*, 20 AD3d 511 [2005]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603 [2005]). The plaintiff did not raise a triable issue of fact in this regard as the affidavit of her expert was speculative and without any evidentiary foundation (*see David v County of Suffolk*, 1 NY3d 525 [2003]; *Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716 [2006]). Accordingly, the Town was entitled to summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.