■ CAROL SCHUTZ-PREPSCIUS, Respondent, v INCORPORATED VILLAGE OF PORT JEFFERSON, Appellant, CRYSTAL STAR REALTY, INC., et al., Respondents, et al., Defendants. [858 NYS2d 235]—

In an action to recover damages for personal injuries, the defendant Incorporated Village of Port Jefferson appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.) dated August 14, 2007, as, upon reargument, adhered to a prior determination in an order dated February 7, 2007 denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she tripped and fell on the sidewalk abutting the premises located at 1523 Main Street in the defendant Incorporated Village of Port Jefferson, owned by the defendant Maria Maldonado.

The Village established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by the affidavit of the Village Clerk/Administrator, stating that, in his capacity as Village Clerk, he maintains an index book recording all written notices of defective conditions, and that upon review of such records, he did not find any written notice relative to the area where the plaintiff's accident occurred. Apart from specific exceptions not at issue here, Village Law § 6-628, CPLR 9801 (1), and the Code of the Village of Port Jefferson § 177-1 provide that no action may be commenced against the Village based upon a defective condition of a village street or roadway unless prior written notice of the

defective condition actually had been given to the village clerk (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]).

In opposition to the Village's motion, Maldonado submitted proof that, upon her purchase of the building at 1523 Main Street, she called the Village Planner to ascertain the appropriate village official to be notified that the sidewalk abutting her premises was dangerously defective. She wanted to serve notice that the roots of a large tree were lifting the pavement of the sidewalk. She was advised by the Village Planner to notify the Village Parks Department. Sixteen months before the date of the plaintiff's trip-and-fall accident on the sidewalk abutting her business, Maldonado wrote to the Village, and specifically to the attention of the Village Parks Department, detailing her concerns about the dangerous condition of the sidewalk in this case. Maldonado's assertion that the sidewalk's condition was inspected by the Village Parks Department as a result of her letter was undisputed by the Village, which nevertheless urged that inasmuch as the notice was not served upon the statutory designee, the Village Clerk, the Village could not be held liable for the plaintiff's injuries.

Since prior written notice statutes are in derogation of common law, they must be strictly construed against the municipality (*see Katz v City of New York,* 87 NY2d 241, 243 [1995]). Thus, this Court has recently held, in *Gorman v Town of Huntington* (47 AD3d 30 [2007]), that, under limited circumstances, a municipality may be estopped from utilizing the defense that written notice of a defective condition was not sent to the statutory designee. Four factors must be present to create an estoppel: (1) the assumption, by the recipient of the notice, of record-keeping duties referable to prior written notices; (2) that the recipient of the notice has a role in the investigation and repair of sidewalks; (3) that the party seeking to assert the estoppel was directed by a municipal official to serve someone other than the statutory designee; and (4) that the party relied upon the instructions of such official.

In the instant case, Maldonado has raised issues of fact as to whether estoppel applies. Accordingly, the Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint as to it.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. The Village's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur. [*See* 2007 NY Slip Op 32556(U).]