LISA ANN SMITH, Respondent, v VILLAGE OF ROCKVILLE CENTRE, Appellant, et al., Defendant. [870 NYS2d 67]—

The plaintiff allegedly sustained injuries when she tripped and fell on a public sidewalk within the defendant Village of Rockville Centre (hereinafter the Village). Specifically, she tripped over "uneven bricks." Those bricks had been installed by a contractor the Village hired.

On its motion for summary judgment dismissing the complaint insofar as asserted against it, the Village made a prima facie showing of entitlement to judgment as a matter of law by providing evidence demonstrating that it lacked prior written notice of the allegedly dangerous condition in the sidewalk, as required by the Code of Incorporated Village of Rockville Centre § 66-1 (referencing former Village Law § 341-a, recodified as Village Law § 6-628; *see Jacobs v Village of Rockville Ctr.,* 41 AD3d 539, 540 [2007]). Contrary to the Supreme Court's determination, in opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff attempted to raise a triable issue of fact as to the applicability of the so-called "affirmative negligence exception" to the statutory rule requiring prior written notice, she failed to provide any evidence tending to show that work by the Village's contractor *"immediately* result[ed] in the existence of" the uneven brick "condition" (*Oboler v City of New York,* 8 NY3d 888, 889 [2007]; *see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]). Accordingly, the Village's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted (*see Jacobs v Village of Rockville Ctr.,* 41 AD3d at 540). Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.