■ JULIA A. LATALARDO, Appellant, v TOWN OF CLARKSTOWN
et al., Respondents. [876 NYS2d 115]—

In an action to recover damages for personal injuries, the
plaintiff appeals (1), as limited by her brief, from so much of an
order of the Supreme Court, Rockland County (Berliner, J.),
dated December 11, 2007, as granted that branch of the motion
of the defendant New York Bituminous Products Corp. which
was for summary judgment dismissing the complaint insofar as
asserted against it and the cross motion of the defendant Town
of Clarkstown for the same relief, and (2) from an order of the
same court dated May 27, 2008, which denied her motion for
leave to reargue her opposition to the cross motion of the defen-
dant Town of Clarkstown.

Ordered that the appeal from the order dated May 27, 2008 is

dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated December 11, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff tripped and fell on a curb adjacent to a parking lot owned by the defendant Town of Clarkstown. The defendant New York Bituminous Products Corp. (hereinafter NYBP) had repaired cracks in the parking lot more than one year before the plaintiff's accident. The Supreme Court, inter alia, awarded summary judgment dismissing the complaint to both defendants insofar as asserted against them.

The Town established its entitlement to judgment as a matter of law with proof that it did not have prior written notice of the alleged defect (*see Koehler v Incorporated Vil. of Lindenhurst*, 42 AD3d 438 [2007]; *Silburn v City of Poughkeepsie*, 28 AD3d 468, 469 [2006]; *Adams v City of Poughkeepsie*, 296 AD2d 468 [2002]). In response, the plaintiff alleged that the prior written notice requirement was inapplicable because the Town created the defect through an affirmative act of negligence. However, the ultimate assertions in the unsworn expert report relied upon by the plaintiff were unsupported by any evidentiary foundation and, therefore, were insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Alger v CVS Mack Drug of N.Y., LLC*, 39 AD3d 928, 929 [2007]; *Guldy v Pyramid Corp.*, 222 AD2d 815, 816 [1995]).

Moreover, the plaintiff failed to raise a triable issue of fact in response to NYBP's showing that it owed no duty to the plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]). Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.