■ JANIS JASON et al., Appellants, v TOWN OF NORTH HEMPSTEAD, Respondent, et al., Defendants. [877 NYS2d 454]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered November 26, 2007, as granted that branch of the motion of the defendant Town of North Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Janis Jason (hereinafter the injured plaintiff) allegedly was injured when, as she stepped off of a sidewalk and onto a street maintained by the defendant Town of North Hempstead, she slipped and fell on a sloped concrete "gutter slab" on the street. Subsequently, alleging, among other things, that the gutter slab constituted a dangerous condition, the injured plaintiff and her husband, suing derivatively, commenced the instant personal injury action against, among others, the Town.

On its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, the Town made a prima facie showing of entitlement to judgment as a matter of law by providing evidence demonstrating that it lacked prior written notice of the allegedly dangerous condition, as required by North Hempstead Code § 26-1 (*see Smith v Village of Rockville Ctr.,* 57 AD3d 649, 650 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Town received prior written notice, or as to the applicability of either of the "two recognized exceptions to the prior written no-

tice requirement" (*McCarthy v City of White Plains*, 54 AD3d 828, 830 [2008]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Although the plaintiffs attempted to raise an issue of fact as to the applicability of the "affirmative negligence exception," they failed to provide any evidence tending to show that the allegedly dangerous condition was created through an affirmative act of negligence of the Town, and that such act immediately resulted in that condition's existence (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *San Marco v Village/Town of Mount Kisco*, 57 AD3d 874, 876-877 [2008]). Furthermore, although the plaintiffs attempted to raise an issue of fact as to the applicability of the "special use exception," they failed to demonstrate that the gutter slab conferred a special benefit upon the Town (*see Loiaconi v Village of Tarrytown*, 36 AD3d 864, 865 [2007]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 513 [2005]; *Braunstein v County of Nassau*, 294 AD2d 323 [2002]; *Barnes v City of Mount Vernon*, 245 AD2d 407, 408 [1997]; *Vise v County of Suffolk*, 207 AD2d 341, 342 [1994]). Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against the Town. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.