■ DOREEN SANATASS, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant, and BEA SIMPSON et al., Respondents. [881 NYS2d 901]—In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered November 19, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiff's cross motion for leave to amend her complaint and bill of particulars to add an allegation that it received prior written notice of the alleged sidewalk defect.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the defendant Town of North Hempstead failed to establish its prima facie entitlement to judgment as a matter of law on the issue of whether it received prior written notice of the alleged defect (*see Bonilla v Incorporated Vil. of Hempstead,* 49 AD3d 788, 789 [2008]; *Kramer v Town of Hempstead,* 284 AD2d 503, 504 [2001]). Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Gitlin v Chirinkin,* 60 AD3d 901, 902 [2009]; *see Sheila Props., Inc. v A Real Good Plumber, Inc.,* 59 AD3d 424, 426 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.,* 57 AD3d 929, 931 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin,* 60 AD3d at 902; *see Ingrami v Rovner,* 45 AD3d 806, 808 [2007]). Under the circumstances presented here, the Supreme Court providently exercised its discretion in granting

the plaintiff's cross motion for leave to amend her pleadings pursuant to CPLR 3025 (b). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.