■ MELVYN A. REISER, Appellant, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent. [894 NYS2d 151]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered March 11, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when he slipped and fell on a patch of ice in a parking lot owned and operated by the defendant, Incorporated Village of Rockville Centre. After depositions were conducted, the Village moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the icy condition as required by, inter alia, Village Law § 6-628. The Supreme Court granted the motion on this ground, and we reverse.

In support of its motion for summary judgment, the Village

relied upon the deposition testimony of its Deputy Superintendent of Public Works. However, the Deputy Superintendent did not unequivocally testify that the Village had no prior written notice of the subject icy condition, and he did not testify that he had conducted any search to determine whether such notice had indeed been received by the proper statutory designee (*cf. Schutz-Prepscius v Incorporated Vil. of Port Jefferson*, 51 AD3d 657 [2008]). Under these circumstances, the Deputy Superintendent's testimony was insufficient to satisfy the Village's prima facie burden of showing that it had no prior written notice of the subject icy condition (*see Sanatass v Town of N. Hempstead*, 64 AD3d 695 [2009]; *Bonilla v Incorporated Vil. of Hempstead*, 49 AD3d 788, 789 [2008]; *Kramer v Town of Hempstead*, 284 AD2d 503, 504 [2001]; *LaRosa v Town of Hempstead*, 237 AD2d 579, 580 [1997]). Accordingly, the Village's motion for summary judgment should have been denied. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.