■ STEPHANIE LiFRIERI, Respondent, v TOWN OF SMITHTOWN, Defendant/Third-Party Plaintiff-Appellant. RENEE S. LASHER et

al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [898 NYS2d 629]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 28, 2009, which denied its motion for summary judgment dismissing the complaint and the third-party counterclaim asserted against it by the third-party defendants Renee S. Lasher and Neil R. Lasher.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint and the third-party counterclaim asserted against it by the third-party defendants Renee S. Lasher and Neil R. Lasher is granted.

The plaintiff allegedly sustained injuries as a result of a motor vehicle accident on a public roadway. The plaintiff was a passenger in a vehicle owned by the third-party defendant Marianne LiFrieri and operated by the third-party defendant Robert W. Combs, which collided with a vehicle operated by the third-party defendant Renee S. Lasher and owned by the third-party defendant Neil R. Lasher (hereinafter together the Lashers). Prior to the accident, the two vehicles were traveling in opposite directions. Renee Lasher alleged that she lost control of her vehicle due to the presence of hazardous conditions on the road, which caused her vehicle to enter the opposite lane of traffic where the collision occurred.

The plaintiff commenced this action against the Town of Smithtown, and the Town commenced a third-party action against the Lashers, LiFrieri, and Combs. The Lashers asserted a counterclaim for indemnification or contribution against the Town. The Supreme Court denied the Town's motion for summary judgment dismissing the complaint and the third-party counterclaim on the ground that the Town failed to establish, prima facie, that it did not have prior written notice of the alleged hazardous conditions on the road. We reverse.

The Code of the Town of Smithtown § 245-13 states that "[n]o civil action shall be maintained against the Town of Smithtown for damages or injuries to person . . . sustained by reason of any highway, bridge, culvert, sidewalk, sewer, manhole or appurtenance or curb being defective, out of repair, unsafe, dangerous or obstructed . . . unless written notice of such defective, unsafe, dangerous or obstructed condition shall be filed with

the Town Clerk at least 15 calendar days prior to the event giving rise to the alleged claim." Contrary to the plaintiff's contention, a street is considered a highway within the meaning of local ordinances such as the Code of the Town of Smithtown § 245-13 (*see Schneid v City of White Plains*, 150 AD2d 549, 550 [1989]; *Englehardt v Town of Hempstead*, 141 AD2d 601, 602 [1988]; *Stratton v City of Beacon*, 91 AD2d 1018, 1019 [1983]).

The Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its Town Clerk, wherein he stated that his search of the Town's records revealed no prior written notice of any hazardous condition on the road where the accident occurred (*see Shannon v Village of Rockville Ctr.*, 39 AD3d 528 [2007]; *Scafidi v Town of Islip*, 34 AD3d 669 [2006]; *Goldberg v Town of Hempstead*, 156 AD2d 639 [1989]). In opposition, no triable issue of fact was raised. The evidence failed to show that the Town affirmatively created any hazardous condition on the road which proximately caused the subject accident (*see Yarborough v City of New York*, 10 NY3d 726 [2008]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint and the third-party counterclaim asserted against it by the Lashers. Florio, J.P., Miller, Eng and Chambers, JJ., concur.