In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), entered July 23, 2009, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff alleges that he was injured on May 6, 2004, when he slipped and fell in a muddy area located at the defendants’ property on West Shore Road ip. Port Washington (hereinafter the subject premises). On the date of the incident, the plaintiff was employed as a delivery person for a company which provided truck parts to the defendant Town of North Hempstead and *1002 also contracted with the Town to remove used batteries. After making a delivery to the garage at the subject premises, the plaintiff drove his truck to a shed area behind the garage to pick up used batteries. In order to access the shed and retrieve the batteries, the plaintiff backed his truck over an area of water and mud and parked it a few feet from the entrance to the shed. While loading a battery into the rear of his truck, the plaintiff allegedly was injured when he slipped on the mud and fell to the ground.
Thereafter, the plaintiff commenced this action, and the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that they had not received prior written notice of the alleged dangerous or defective condition pursuant to section 26-1 of the Town Code of the Town of North Hempstead. The Supreme Court denied the motion. We affirm.
The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that they had no prior written notice as they failed to submit proof of such lack of notice from the proper municipal official (see Town of North Hempstead Code § 26-1 et seq.; LiFrieri v Town of Smithtown, 72 AD3d 750 [2010], lv denied 15 NY3d 706 [2010]; San Marco v Village/Town of Mount Kisco, 57 AD3d 874, 876 [2008]; Koehler v Incorporated Vil. of Lindenhurst, 42 AD3d 438 [2007]; Silburn v City of Poughkeepsie, 28 AD3d 468, 469 [2006]). As such, the burden did not shift to the plaintiff to raise a triable issue of fact as to either prior written notice or a recognized exception to that requirement, as is relevant here, that the defendants affirmatively created the dangerous condition through an act of negligence (cf. Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Kiszenik v Town of Huntington, 70 AD3d 1007, 1007-1008 [2010]). In any event, even had the defendants demonstrated a lack of prior written notice, the plaintiff raised a triable issue of fact as to whether or not the defendants, by regularly washing Town equipment on a “wash rack” near the shed area, affirmatively created the dangerous condition and that the alleged affirmative act of negligence immediately resulted in the existence of the dangerous condition (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]; Weber v Town of Hempstead, 58 AD3d 617, 617-618 [2009]).
The defendants’ remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur. [Prior Case History: 2009 NY Slip Op 31699(U).]