■ John Dailey et al., Appellants, v Village of Nyack, Respondent, et al., Defendants. [910 NYS2d 681]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated

July 31, 2009, as granted that branch of the motion of the defendant Village of Nyack which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff John Dailey allegedly sustained injuries when he stepped out of a van and onto a deteriorated curb on Mountain View Avenue, in the Village of Nyack, at or near the location where it serves as an overpass bridge that crosses over the New York State Thruway. After joinder of issue, the Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, asserting that it did not have prior written notice of the alleged hazard, as required by section 36-1 of the Code of the Village of Nyack. The Village established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of Village Treasurer John Cincotta, wherein he stated that his search of the Village's records revealed no prior written notice, inter alia, of any hazardous curb condition in the area where the accident occurred (*see LiFrieri v Town of Smithtown*, 72 AD3d 750 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether any exception to the prior written notice requirement applied in this case (*see LiFrieri v Town of Smithtown*, 72 AD3d 750 [2010]). Accordingly, the Supreme Court properly awarded summary judgment to the Village. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.