■ DALE RICHARDS, Appellant, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent. [914 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Spinola, J.), entered June 24, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she stumbled and fell in a parking lot owned by the defendant, Incorporated Village of Rockville Centre, as a result of stepping into a pothole. After issue was joined, the Village moved for summary judgment dismissing the complaint.

On its motion for summary judgment dismissing the complaint, the Village made a prima facie showing of entitlement to judgment as a matter of law by providing evidence that it lacked prior written notice of the allegedly dangerous condition, as required by Village Law § 6-628 (*see Jason v Town of N. Hempstead*, 61 AD3d 936 [2009]; *Smith v Village of Rockville Ctr.*, 57 AD3d 649, 650 [2008]). While the plaintiff attempted to raise a triable issue of fact as to the applicability of the so-called "affirmative negligence exception" to the statutory rule requiring prior written notice, she failed to provide any evidence tending to show that work performed by a Village repair crew im-

mediately resulted in a pothole or any other surface defect in the area in question (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]; cf. *San Marco v Village/Town of Mt. Kisco*, 16 NY3d 111 [2010]). Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint. Florio, J.P., Balkin, Leventhal and Austin, JJ., concur.