GREGORY R. FOLEY, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF BROOKHAVEN, Respondent. [915 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 12, 2010, which granted the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint insofar as asserted against it

and denied, as academic, his cross motion to compel the defendant Town of Brookhaven to produce additional witnesses for depositions, and (2) a judgment of the same court entered June 28, 2010, which, upon the order, is in favor of the defendant Town of Brookhaven and against it, dismissing the complaint.

Ordered that the appeal from order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Town of Brookhaven.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On the evening of November 9, 2007, the plaintiff was skateboarding in the Town of Brookhaven, on or around Canal Road at or near the intersection of Morgan Avenue South, when he was allegedly struck by a vehicle owned and operated by the defendant Frederick J. Herzog, thus sustaining injuries. The plaintiff commenced this action against the Town, the County of Suffolk, and Herzog. The plaintiff alleged, among other things, that the Town was liable based on its failure to repaint the white line dividing the shoulder from the westbound travel lane in which Herzog was driving. The Town moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved to compel the Town to produce further witnesses for deposition. The Supreme Court granted the Town's motion, finding that the Town established, prima facie, that it was entitled to qualified immunity from liability arising from its highway planning decisions, and in opposition, the plaintiff failed to raise a triable issue of fact. In light of its determination, the Supreme Court denied the plaintiff's cross motion as academic. The plaintiff appeals.

We affirm the award of summary judgment to the Town, but on a different ground from that relied upon by the Supreme Court. The Town established, prima facie, that it was entitled to judgment as a matter of law dismissing the complaint to the extent it was based on the allegation that it was liable for failing to repaint the road markings, based on lack of prior written notice of the defect. On this issue, the Town submitted an affidavit of its expert, who stated that her search of the records of the Town's Department of the Highway Superintendent, Division of Traffic Safety, and of the Town Clerk revealed no prior

written notice of the allegedly defective roadway paint in the vicinity of the accident in the three years prior to the accident (*see* Brookhaven Town Code § 84-1; *Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917 [1989]; *Dailey v Village of Nyack*, 78 AD3d 882 [2010]; *Pagano v Town of Smithtown*, 74 AD3d 1304 [2010]; *LiFrieri v Town of Smithtown*, 72 AD3d 750 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the parties' remaining contentions regarding the Town's entitlement to qualified immunity or proximate cause. The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it, and properly denied, as academic, the plaintiff's cross motion to compel the Town to produce additional witnesses for deposition. Skelos, J.P., Eng, Belen and Lott, JJ., concur.