■ MARY LOUGHLIN, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [923 NYS2d 200]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 14, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the Town of North Hempstead to recover damages for personal injuries she allegedly sustained when she tripped and fell on a sidewalk maintained by the Town. The Town moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the allegedly dangerous condition. The Supreme Court granted the motion, and the plaintiff appeals. We affirm.

The Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the allegedly dangerous condition of the sidewalk (see Code of the Town of North Hempstead § 26-1; *Camenson v Town of N. Hempstead*, 298 AD2d 543, 543 [2002]; see also *Regan v Town of N. Hempstead*, 66 AD3d 863, 864 [2009]; *Jason v Town of N. Hempstead*, 61 AD3d 936, 936 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town received prior written notice or whether the Town either created the alleged hazard through an affirmative act of negligence or enjoyed a special use over the portion of the sidewalk where she fell, the two recognized exceptions to the notice requirement (see *Jason v Town of N. Hempstead*, 61 AD3d at 936-937; see also *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Contrary to the plaintiff's contention, the affidavit of her expert was insufficient to raise a triable issue of fact as to whether the Town created the alleged hazard through an affirmative act of negligence, because his conclusions "were not supported by empirical data or any relevant construction practice or industry standards, and [he] failed to explain how he had reached the conclusions that he did" (*Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]; see *Rochford v City of Yonkers*,

12 AD3d 433, 434 [2004]; *see also Sollowen v Town of Brookhaven*, 43 AD3d 816, 817 [2007]; *Winsche v Town of N. Hempstead*, 304 AD2d 756, 757 [2003]). Moreover, the plaintiff did not attempt to show that the Town had a special use over the relevant portion of the sidewalk.

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 33005(U).]**