■ JACQUELINE T. BROWN et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [931 NYS2d 685]—

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the County Clerk did not receive prior written notice of the alleged hazardous highway condition as required by Suffolk County Charter § C8-2A. Although both the Department of Public Works and the County Executive received prior written notice, such notice was insufficient because neither one of those departments was a statutory designee under Suffolk County Charter § C8-2A (see Gorman v Town of Huntington, 12 NY3d 275, 280 [2009]).

Although written notice would not be required if the defendants created the condition by an affirmative act of negligence (id. at 279; see Kiszenik v Town of Huntington, 70 AD3d 1007, 1008 [2010]), the evidence submitted by the plaintiffs in opposition to the defendants' cross motion for summary judgment failed to raise a triable issue of fact as to whether the defendants' repair work immediately resulted in a pothole or other hazardous condition at the site of the injured plaintiff's accident (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]; Forbes v City of New York, 85 AD3d 1106, 1106 [2011]; Richards v Incorporated Vil. of Rockville Ctr., 80 AD3d 594, 594-595 [2011]; cf. Padula v City of Long Beach, 20 AD3d 555, 556 [2005]). Contrary to the plaintiffs' contention, certain correspondence between the County Executive and the injured plaintiff did not estop the defendants from relying on the written notice requirement (see Gorman v Town of Huntington, 12 NY3d at 280; Schutz-Prepscius v Incorporated Vil. of Port Jefferson, 51 AD3d 657, 658 [2008]). Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint and denied the plaintiffs' motion for summary judgment on the issue of prior written notice. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.