■ REGINA WILEY, Respondent, v INCORPORATED VILLAGE OF GARDEN CITY, Defendant/Third-Party Plaintiff-Appellant-Respondent. SCATT MATERIALS, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. [936 NYS2d 327]—

The plaintiff allegedly was injured when she stumbled and fell in a parking lot owned by the defendant, the Incorporated Village of Garden City (hereinafter the Village), as a result of stepping into a pothole. The plaintiff commenced this action against the Village, and the Village commenced a third-party action against, among others, Scatt Materials, Inc. (hereinafter Scatt Materials), the corporation that allegedly installed the asphalt in the subject parking lot in 1984. The Village moved for summary judgment dismissing the complaint and Scatt Materials cross-moved for summary judgment dismissing the third-party complaint insofar as asserted against it.

On its motion for summary judgment dismissing the complaint, the Village made a prima facie showing of entitlement to judgment as a matter of law by providing evidence that it lacked prior written notice of the allegedly dangerous condition, as required by Garden City Village Code § 132-2 (*see Jason v Town of N. Hempstead*, 61 AD3d 936 [2009]; *Smith v Village of Rockville Ctr.*, 57 AD3d 649, 650 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the Village failed to maintain indexed records of notices received, in violation of Village Law § 4-402 (g), is unavailing. When presented with such a failure, the burden shifts to the municipality to show that it made a diligent and good-faith search of its internal records (*see Caramanica v City of New Rochelle*, 268 AD2d 496 [2000]; *Mollahan v Village of Port Washington N.*, 153 AD2d 881, 885 [1989]). Here, the municipality made a diligent effort and good-faith search of its records and found no prior written notice.

Regarding the plaintiff's contention as to the applicability of the affirmative negligence exception to the statutory rule requiring prior written notice, she failed to provide any evidence tending to show that repairs performed by the Village immediately resulted in a pothole or any other surface defect in the area in question (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Richards v Incorporated Vil. of Rockville Ctr.*, 80 AD3d 594, 594 [2011]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint.

Moreover, the Supreme Court should have granted the cross motion of Scatt Materials for summary judgment dismissing the third-party complaint insofar as asserted against it. Scatt Materials made a prima facie showing of entitlement to judgment as a matter of law, and the Village failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.