■ Anna Maria Romano, Appellant, v Village of Mamaroneck et al., Respondents. [954 NYS2d 593]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 11, 2011, as granted those branches of the separate motions of the defendants ELQ Industries, Inc., and the Village of Mamaroneck which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On December 5, 2006, the plaintiff allegedly tripped and fell over a tire mud flap that was depressed into the roadway of a parking space located on 231 Mamaroneck Avenue, in the Village of Mamaroneck. She commenced this consolidated action against the Village and ELQ Industries, Inc. (hereinafter ELQ). ELQ performed resurfacing work on Mamaroneck Avenue in August 2004, pursuant to a contract with the Village. The Village and ELQ separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, one exception to this general rule is where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm (*id.* at 140; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]). Here, ELQ satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to ELQ's contract with the Village, and that ELQ did not create the allegedly dangerous condition that gave rise to the plaintiff's accident. The Village also satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the condition complained of in the roadway where the plaintiff fell, as required by Village Law § 6-628, and that it did not create the alleged dangerous condition through an affirmative act of negligence (*see Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]; *cf. Braver v Village of Cedarhurst*, 94 AD3d 933 [2012]).

In opposition to these respective prima facie showings, the plaintiff failed to raise a triable issue of fact. The affidavit from

the plaintiff's expert was speculative and conclusory and, therefore, insufficient to raise a triable issue of fact (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Loughlin v Town of N. Hempstead*, 84 AD3d 1035 [2011]; *Poelker v Swan Lake Golf Corp.*, 71 AD3d 857, 858 [2010]).

Accordingly, the Supreme Court properly granted those branches of the separate motions of ELQ and the Village which were for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.