GLADYS SMITH, Respondent, v CITY OF MOUNT VERNON, Appellant. [955 NYS2d 635]—

On August 12, 2009, the plaintiff, then 64 years old, allegedly tripped and fell over a cracked sidewalk flag while walking on North Third Avenue in Mount Vernon. She commenced this action against the defendant, the City of Mount Vernon, to recover damages for her alleged injuries. After the plaintiff filed her note of issue and certificate of readiness, the City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the defective condition which allegedly caused the plaintiff to trip and fall. The Supreme Court denied the motion, concluding that the City did not meet its prima facie burden.

On its motion for summary judgment dismissing the complaint, the City met its prima facie burden of establishing its entitlement to judgment as a matter of law by providing evidence that it did not receive prior written notice of the defective sidewalk flag upon which the plaintiff allegedly tripped, as required pursuant to section 265 of the Charter of the City of Mount Vernon (*see Wiley v Incorporated Vil. of Garden City*, 91 AD3d 764, 765 [2012]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]; *Koehler v Incorporated Vil. of Lindenhurst*, 42

AD3d 438 [2007]; *Silburn v City of Poughkeepsie*, 28 AD3d 468, 469 [2006]). In support of its motion, the City submitted, among other things, the affidavit and a transcript of the deposition testimony of Anthony Amiano, a skilled laborer employed by the City for 26 years whose job duties included, inter alia, handling all notices of claim received by the City, checking the City's records for prior notices, and inspecting the areas complained of in the notices of claim. Amiano averred and testified that, upon searching the records of the Commissioner of Public Works, which were maintained at City Hall, he found no records of prior notices or complaints pertaining to the area where the plaintiff allegedly tripped and fell. Amiano also averred that the City did not perform any work in that area. Contrary to the plaintiff's contention, Amiano's affidavit and deposition testimony were sufficient to satisfy the City's initial burden in moving for summary judgment. Consequently, the City demonstrated, prima facie, its entitlement to judgment as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, even though Amiano's title was that of skilled laborer, his testimony and affidavit sufficiently demonstrated that the City did not receive prior written notice (*see Wiley v Incorporated Vil. of Garden City*, 91 AD3d 764 [2012]; *Spanos v Town of Clarkstown*, 81 AD3d 711,712 [2011]; *Foley v County of Suffolk*, 80 AD3d 658, 659-660 [2011]; *Richards v Incorporated Vil. of Rockville Ctr.*, 80 AD3d 594, 594 [2011]). Further, General Municipal Law § 50-g (2) does not require that the individual who performs a search of a municipality's prior written notice records be the same person who is designated by statute, charter, or local law to maintain those records (*see* General Municipal Law § 50-g [2]; *see e.g. Wiley v Incorporated Vil. of Garden City*, 91 AD3d 764 [2012]; *Foley v County of Suffolk*, 80 AD3d at 659-660).

Moreover, the plaintiff failed to raise a triable issue of fact as to whether the affirmative negligence exception to the statutory rule requiring prior written notice was applicable to this action. She did not provide any evidence tending to show that the City performed any work in the area which immediately resulted in the creation of the subject crack in the sidewalk flag (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Wiley v Incorporated Vil. of Garden City*, 91 AD3d at 766; *Brown v County of Suffolk*, 89 AD3d 661, 661 [2011]; *Richards v Incorporated Vil. of Rockville Ctr.*, 80 AD3d at 595; *Jason v Town of N. Hempstead*, 61 AD3d 936, 937 [2009]). Any testimony by Amiano that the

crack could have been caused over time by water erosion and the application of salt to the sidewalk following snowstorms was speculative and did not raise a triable issue of fact as to whether the City affirmatively caused the crack, thereby triggering the affirmative negligence exception.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint. Mastro, J.P., Lott, Austin and Cohen, JJ., concur.