■ Luis Martinez et al., Respondents, v City of New York, Appellant, and Verizon New York, Inc., Respondent, et al., Defendants. [963 NYS2d 391]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 31, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

As the party moving for summary judgment, in order for the defendant City of New York to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it on the ground that it had no prior written notice of the alleged defective or dangerous condition (*see* Administrative Code of City of NY § 7-201 [c]), it was required to submit proof that it did not receive the notice required by the statute (*see Smith v City of Mount Vernon*, 101 AD3d 847 [2012]; *Spanos v Town of Clarkstown*, 81 AD3d 711, 712 [2011]; *Foley v County of Suffolk*, 80 AD3d 658, 659-660 [2011]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]; *Shannon v Village of Rockville Ctr.*, 39 AD3d 528, 529 [2007]). The City failed to submit any affidavit from any city official or employee demonstrating that a search of the appropriate records had been done and that there was no prior written notice of the alleged dangerous condition that caused the plaintiff's accident, and there was nothing in the deposition testimony of the three city witnesses that indicated that a search of the city records had been conducted without any success in finding any prior written notices. As such, the City failed to make a prima facie showing that no prior written notice was actually received (*see Pangerl v Town of N. Hempstead*, 76 AD3d 1001, 1002 [2010]; *Reiser v Incorporated Vil. of Rockville Ctr.*, 70 AD3d 796, 796-797 [2010]; *McNeill v City of New York*, 40 AD3d 823 [2007]).

Since the City failed to demonstrate a prima facie entitlement to judgment as a matter of law on the ground of lack of prior written notice, the Supreme Court properly denied its motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pampillonia v Burducea*, 68 AD3d 1081, 1081-1082 [2009]; *Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.