■ VALERIE LINDSAY, Respondent, v CITY OF MOUNT VERNON, Appellant, et al., Defendant. [970 NYS2d 704]—

In an action to recover damages for personal injuries, the defendant City of Mount Vernon appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered March 16, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant City of Mount Vernon met its prima facie burden of establishing its entitlement to judgment as a matter of law by providing evidence that it did not receive prior written notice of the defective sidewalk condition upon which the plaintiff allegedly tripped, as required pursuant to section 265 of the Charter of the City of Mount Vernon (see Smith v City of Mount Vernon, 101 AD3d 847 [2012]; Romano v Village of Mamaroneck, 100 AD3d 854, 855 [2012]; Wiley v Incorporated Vil. of Garden City, 91 AD3d 764, 765 [2012]; LiFrieri v Town of Smithtown, 72 AD3d 750, 752 [2010]; Koehler v Incorporated Vil. of Lindenhurst, 42 AD3d 438 [2007]; Silburn v City of Poughkeepsie, 28 AD3d 468, 469 [2006]), and that it did not create the alleged dangerous condition through an affirmative act of negligence (see Romano v Village of Mamaroneck, 100 AD3d at 855; Cuebas v City of Yonkers, 97 AD3d 779, 780 [2012]; cf. Braver v Village of Cedarhurst, 94 AD3d 933 [2012]).

In opposition, however, the plaintiff raised a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The Supreme Court properly concluded that the transcript of the deposition of Anthony Amiano, a skilled laborer employed by the City for approximately 20 years whose job duties included handling all notices of claim received by the City, checking the City's records for prior notices and complaints, inspecting the areas complained of in the notices of claim, and overseeing the paving in the City, raised a triable issue of fact as to whether the City, through an affirmative act of negligence, created the asphalt patch on the sidewalk over which the plaintiff allegedly tripped and fell.

Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.