*723 “Leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or unless prejudice or surprise to the opposing party results directly from the delay in seeking leave to amend” (Kruger v EMFT, LLC, 87 AD3d 717, 718 [2011]; see CPLR 3025 [b]; Lucido v Mancuso, 49 AD3d 220, 225-229 [2008]). “A determination whether to grant such leave is within the Supreme Court’s broad discretion, and the exercise of that discretion will not be lightly disturbed” (Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655 [2013] [internal quotation marks omitted]; see Sanatass v Town of N. Hempstead, 64 AD3d 695, 695 [2009]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff’s motion which was for leave to amend the complaint to assert a cause of action to recover damages for breach of fiduciary duty.
Further, the Supreme Court properly denied, as untimely, those branches of the plaintiff’s motion which were for summary judgment, and the defendants’ cross motion for summary judgment, as the parties failed to demonstrate good cause for making their respective motion and cross motion more than 60 days after the filing of the note of issue, as required by a preliminary conference order (see Rivera v New York Presbyt. Hosp., 57 AD3d 755 [2008]; Jackson v Jamaica First Parking, LLC, 49 AD3d 501, 501 [2008]; Coty v County of Clinton, 42 AD3d 612, 614 [2007]). While significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000]; Kung v Zheng, 73 AD3d 862, 863 [2010]), contrary to the defendants’ contention, the discovery outstanding at the time the note of issue was filed was not essential to their cross motion (see Avezbakiyev v City of New York, 104 AD3d 888, 888-889 [2013]; Greenpoint Props., Inc. v Carter, 82 AD3d 1157, 1158 [2011]).
*724 Moreover, the Supreme Court properly denied those branches of the parties’ respective motion and cross motion which were for leave to renew, as the “new facts” offered would not “change the prior determination” (CPLR 2221 [e] [2]; see Tingling v C.I.N.H.R., Inc., 74 AD3d 954, 956 [2010]).
In light of our determination, we need not reach the parties’ remaining contentions. Eng, P.J., Balkin, Lott and Roman, JJ., concur.